IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DAVID WOODRUFF, #18323 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-438-MEF |
| SARENT ROMERO, *et al.*, | * | |
| Defendants. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on Plaintiff's complaint filed under the provisions of 42 U.S.C. § 1983. Plaintiff is currently confined at Wyoming Prison located in Rawlins, Wyoming, and he asserts that the actions about which he complains occurred at this facility. Rawlins, Wyoming, is located within the jurisdiction of the United States District Court for the District of Wyoming.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1404.[1]

_____

[1]Without addressing the merits of Plaintiff's ability to proceed in this action *in forma pauperis*, the court notes that the assessment and collection of any filing fee should be undertaken by the United States District Court for the District of Wyoming.

**DISCUSSION**

A civil action filed under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).

None of the named defendants reside in this court's jurisdiction and Plaintiff states that actions about which he complains occurred at a facility located within the jurisdiction of the United States District Court for the District of Wyoming. Thus, it is clear that this court is not the proper venue for the instant action. Rather, it appears from the complaint that the proper venue for this case is the United States District Court for the District of Wyoming.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the District of Wyoming for review and determination.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the District of Wyoming pursuant to the

2

provisions of 28 U.S.C. § 1404.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **June 5, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of May 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE