IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID WOODRUFF
   PLAINTIFF

VS

SARGENT ROMERO, et al
   DEFENDANTS

2:06-CV-438-MEF

## WOODRUFFS OBJECTION TO MAGISTRATES REPORT

I   DAVID WOODRUFF, pro se objects to transfer of the case to Wyoming USDC as the Magistrate Judge has recommended in the report.

II   The court seeks to apply federal statutes 42 USC 1983; 28 USC 1404; 28 USC 1391 (b); and 28 USC 1404 (a). These statutes cannot be applied because Woodruff constitutional right would be violated by remaining unremedied. Woodruff has claimed his constitutional rights are violated in his complaint in this case.

III   This court has jurisdiction over this case and Woodruffs claims that his constitutional rights are violated. See US Constitution, Article III, section 2, clause 1 "The judicial power shall

extend to all cases, in law and equity, arising under this Constitution...."

IV    This court cannot apply statutes since that would result in the constitution being violated, Article VI Section 2, clause 1 "This Constitution ... shall be the supreme law of the land...." So the court has jurisdiction and must adjudicate the question of whether Woodruffs constitutional rights are violated as alleged in his complaint, and this pleading, in hand.

V    Moreover, fundamental fairness and access to court would be violated if the transfer of this case to Wyoming took place because that court will not adjudicate Woodruffs constitutional claims of violations of the US constitution and fails to do so arbitrarily and in violation of 1st Amendment petition and 5th Amendment due process, see "Memorandum In Support of Motion 2 Vacate" in Woodruff v Abbott USDC Wyo 03-CV-39-J and "Motion To Vacate Judgment" in Woodruff v US, USCA 10 No 02-8051, proving this point.

VI    Therefore, Woodruff claims he has a constitutional right to have this court adjudicate his claims of violations of the

constitution, 1st Amendment petition; Article 4, section 2, clause 1 privileges and immunities and Amendment 5, due process provisions of the US Constitution,

VII    "A federal court can neither take nor surrender jurisdiction except pursuant to the Constitution and laws of the United States." Smith v Reeves 178 US 436, 441 (1900), "We [The Judiciary] have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution. Questions may occur which we would gladly avoid, but we cannot avoid them. All we can do is to exercise our best judgment, and conscientiously to perform our duty." Cohen v Virginia, 6 Wheat 264-404, 5 Led 257-291,

VIII   "[Constitutional Rights] ought always to be liberally construed in favour of the rights of the citizen. Opinion of Judge Johnson, 12 Wheaton, 256." Satterlee v Mathewson (1829) # 27 US 380, 406 (Mr Sergeant for plaintiff).

IX     Woodruff deposited this pleading into the mailbox on June 7, 2006, in the prison.

I, DAVID WOODRUFF, certify under the penalty of perjury that the foregoing is true and correct.

David Woodruff   Executed #   June 7, 2006

WOODRUFFS
OBJECTION

Page (3) of (3)